No. 12,093.

BACHER ET AL. *v.* LORD.
(296 Pac. 1109)

Decided March 16, 1931.

Mr. JOHN C. NIXON, Mr. ARTHUR E. HEALEY, for plaintiffs in error.

Mr. ROBERT E. WINBOURN, for defendant in error.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE complaint of the plaintiff Lord alleges that in 1924, the defendant Bacher obtained a judgment against him in a tort action for about $950, and in January, 1925, Bacher assigned this judgment to his codefendant Howser; that before and at the time of the assignment he, plaintiff Lord, was entitled to a set-off against the same in that, for a valuable consideration, two promissory notes were executed and delivered by the defendant Bacher to a bank and by the bank duly assigned to the plaintiff Lord, who now owns them, and that at the date of said assignment there was a balance due to plaintiff Lord from defendant Bacher on said notes of more than $1,400 and interest; that unless the plaintiff is permitted, by virtue of his ownership of these two Bacher notes, to offset the amount thereof as against the Bacher judgment against him, he will suffer irreparable injury, etc. Plaintiff Lord asks a decree of the court restraining the defendant Howser, assignee of the Bacher judgment, from enforcing the same out of plaintiff's property or from attempting to collect the same by execution or otherwise, and for an appropriate decree in his favor permitting him an offset to the plaintiff's indebtedness under the judgment against him in favor of Bacher, and by the latter assigned to his codefendant Howser.

The defendants filed separate answers. They admit the execution by Bacher of the promissory notes which the plaintiff acquired by assignment, but deny that plaintiff gave any valuable consideration for the same, and they deny other allegations of the complaint in which the plaintiff asks for a right to a set-off as against the Bacher judgment against him in the amount of these promissory notes. They further say that at the time the defendant Bacher assigned the Lord judgment to defendant Howser, Bacher gave notice to the plaintiff and his attorneys of such assignment and no objection was made thereto.

For a further separate answer and defense the defend-. ants allege that in the month of February, 1926, by order and decree of the United States district court sitting at Denver in the state of Colorado, the defendant Bacher was discharged in bankruptcy of all indebtedness and legal obligation owing to the plaintiff and all other persons whomsoever on account of the making and executing by him of the several promissory notes set forth in the plaintiff's complaint. There are further allegations, particularly in the answer of Howser, which are intended to deny or overcome some of the allegations of the complaint, but they are not material here.

Some time after the execution and delivery by the defendant Bacher of the promissory notes, which thereafter the plaintiff acquired and which he now owns, the amount of which he asks to have set off as against the tort judgment which the defendant Bacher recovered against him, bankruptcy proceedings were duly instituted in the United States district court for the district of Colorado and the defendant Bacher was declared a bankrupt and adjudication was had of his estate and in due course a discharge in bankruptcy by the said court was rendered.

In 7 C. J., page 396, section 707, it is said that a discharge in bankruptcy releases the bankrupt from all of his provable debts save such as are excepted by the Bankruptcy Act itself. In 3 R. C. L., page 336, section 155, it is said that section 17a of the Bankruptcy Act provides that a discharge ''shall release a bankrupt from all of his provable debts, except such as * * * have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or knowledge of the proceedings in bankruptcy.'' Whether the notes of the defendant Bacher which were acquired by the plaintiff Lord were scheduled in time for proof and allowance in the bankruptcy proceedings, this record does not disclose, but it appears conclusively therein, in the testimony of the plaintiff Lord himself, that he knew of the proceedings

in bankruptcy against Bacher and participated in some litigation or controversy therein concerning these promissory notes which he held. Just what ruling, if any, was made in the bankruptcy court we are not advised. Whatever judgment, if any, was rendered in the bankruptcy court concerning these promissory notes is not important, for the discharge of the bankrupt Bacher operated as a release of all his provable debts, including these notes owned by Lord and which the latter seeks in this action to have set off as against the amount of the tort judgment which Bacher recovered against him. It clearly appears that Bacher obtained his discharge in bankruptcy, and this discharge operated as a release of his obligation under the Bacher notes, regardless of the ownership thereof at the date of Bacher's discharge.

We think the judgment of the district court now under review which allowed plaintiff Lord a set-off as against Bacher's judgment against him for so much of said notes as equalled the amount of Bacher's judgment, was wrong. Assuming, therefore, for the purposes of this case, but not so deciding, that were it not for the effect of this discharge in bankruptcy, the plaintiff would be allowed his set-off, still, for the reasons already given above, there can be no recovery in this action by Lord, because the Bacher notes have been extinguished by the discharge in bankruptcy. The judgment is therefore reversed, and the cause remanded with instructions to the district court to set the same aside, and dismiss the action at plaintiff's costs, both here and below.